1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Acrylics, Inc., an Arizona corporation, | CIV-03-1495-PHX-RGS |
| Plaintiff, | **ORDER** |
| vs. | |
| Maryland Casualty Company, a Maryland corporation, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Reconsideration of the Court's Order granting Plaintiff's Cross-Motion for Partial Summary Judgment and denying Defendants' Motion for Summary Judgment (Doc. #49).  After considering the arguments raised by Defendants in their briefing, the Court now issues the following ruling.

On April 6, 2006, the Court entered an Order granting Plaintiff's cross-motion for partial summary judgment and denying Defendants' motion for summary judgment. Specifically, the Court found that, contrary to the holding of United States Fidelity & Guaranty Company v. Advance Roofing and Supply Company, 788 P.2d 1227 (Ariz. Ct. App. 1989) (finding that mere faulty workmanship, based upon the insured's failure to comply with the requirements of the contract, standing alone does not constitute property damage caused by an occurrence where the insured's work was not performed in a workmanlike manner), the instant matter involved tennis courts, basketball courts, and/or multi-purpose courts that were indisputably damaged due to Alkali/Silica Reaction ("ASR"),

1 an unexpected and unintended reaction of the aggregates in concrete, which was designed, mixed, and manufactured by a third-party subcontractor constituting "property damage" as defined under the plain terms of the policy.

The Court further found that the blistering and delamination occurring on the courts as a result of the ASR condition constituted an "occurrence" – defined under the subject policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Although not defined under the policy, the Court determined that the term "accident," when it is a source and cause of property damage within the terms of a liability policy, is an "unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." The Court concluded that an "occurrence" included faulty workmanship performed by a subcontractor since the damage to the courts was the result of the unexpected, unintended, and continuous exposure to the ASR condition in the concrete.

Having concluded that there was "property damage" caused by an "occurrence," the Court addressed whether Exclusion l applied to preclude coverage of Plaintiff's claim. Exclusion l of the policy precluded coverage for: "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" Exclusion l contained an exception stating: "This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." Accordingly, central to the Court's determination was whether the third-party supplier of the concrete for the projects at issue, United Metro Materials and San Xavier Rock & Materials ("United Metro"), constituted a "subcontractor" pursuant to the policy.

Initially, the Court noted that the term "subcontractor" was not defined in the policy. However, the Court concluded that unlike a pure material supplier, the product involved here was custom-manufactured with an intended mixture of ingredients. Accordingly, the Court found that this fact removed such an entity from being classified as a mere materialman to one of a subcontractor. Therefore, since "the damaged work or the work out of which the

- 2 -

1    damage arises was performed" by a subcontractor, the Court determined that the exception
2    to Exclusion l applied in this case.

3    Thus, the Court, having found that there was "property damage" caused by an
4    "occurrence" pursuant to the policy, and that none of policy's exclusionary provisions
5    applied, denied Defendants' Motion for Summary Judgment and granted Plaintiff's Cross-
6    Motion for Partial Summary Judgment.  On April 20, 2006, Defendants filed a Motion for
7    Reconsideration.

8    Motions for reconsideration should be granted only where:  (1) the District Court is
9    presented with newly discovered evidence; (2) the District Court committed clear error in its
10   decision; (3) the District Court's decision was manifestly unjust, or (4) there is an intervening
11   change in controlling law.  See School District No. 1J v. ACandS, Inc., 5 F.3d 1255 (9th Cir.
12   1993).  Procedurally, motions to reconsider are generally treated as motions to alter or amend
13   the judgment or a motion for relief from a judgment or order.  See Fed. R. Civ. P. 59(e), 60.
14   Thus, relief may also be available on any of the grounds listed in Rule 60 of the Federal
15   Rules of Civil Procedure.  A motion for reconsideration should not be used to ask the Court
16   "to rethink what the court has already thought through."  Defenders of Wildlife v. Ballard,
17   73 F.Supp.2d 1094, 1115 (D. Ariz. 1999).

18   In their Motion, Defendants challenge the grounds on which the Court granted
19   summary judgment to Plaintiff.  Specifically, Defendants submit that United Metro does not
20   constitute a "subcontractor" pursuant to the policy.  Defendants contend that the concrete was
21   not custom-manufactured with an intended mixture of ingredients, but rather, was a standard,
22   preformulated mixture of concrete.  Defendants also state that United Metro simply furnished
23   the supplies or materials to Plaintiff and did not manufacture the concrete on Plaintiff's
24   behalf.

25   Defendants additionally disagree with the Court's finding that the tennis courts,
26   basketball courts, and/or multi-purpose courts were damaged due to an unexpected and
27   unintended reaction of the aggregates in concrete, which was designed, mixed, and
28   manufactured by a third-party subcontractor constituting "property damage" caused by an

- 3 -

1  "occurrence" as defined under the plain terms of the policy. Defendants contend that the
2  damage to the courts did not constitute property damage caused by an occurrence.

3  The Court finds that throughout Defendants' Motion for Reconsideration, Defendants
4  simply ask the Court to revisit the same issues raised in relation to their motion for summary
5  judgment, and to reexamine case law, which was previously cited and considered by the
6  Court in deciding this matter. Defendants fail to present newly discovered evidence or show
7  that there has been an intervening change in the controlling law. Therefore, the Court will
8  deny Defendants' Motion.

9  Accordingly,

10  **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (Doc. #49)
11  is **DENIED**.

12  DATED this 8th day of June, 2006.

_____
Roger G. Strand
Senior United States District Judge